UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

00 MAY 24 PM 1:28

CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 00-6088CR-UNGARO-BENAGES |
| | Magistrate Judge BROWN |
| v. | |
| MARCO MINUTO ET AL., | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    Audio recordings of statements made by the defendant(s) can be obtained by making arrangements with undersigned counsel. Specifically, these tapes can be reviewed at the discovery conference as set forth below at which time the logistics for copying of the tapes will be discussed. These tapes were obtained in accordance with Court Authorized Wire interceptions and are voluminous. There are however, no recordings of defendants Julio Perez, Angel Hernandez, or Jorge Ravello.

           2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent will be disclosed at the discovery conference set forth below. Only the defendant Mariani made oral statements in which he admitted that he was attempting to flee the jurisdiction and admitted



    that he performed certain acts of violence. These statements were volunteered to law enforcement officers before <u>Miranda</u> warnings were given. These statements were not made in response to questioning by law enforcement authorities. After <u>Miranda</u> warnings were given the defendant Mariani made additional statements. The written reports will be supplied to counsel for Mariani at the discovery conference. The United States notes that counsel for defendant Maraini has not yet entered a permanent appearance.

3.  No defendant testified before the Grand Jury.

4.  The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendants may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Blvd, Suite 700, Ft. Lauderdale, Florida. This evidence includes evidence seized pursuant to a search warrant issued in New York by Magistrate Judge Theodore Katz, case number 98 Mag. 2747. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for **May 31, 2000 at 2:00 P.M.** Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time. The discovery in this case is voluminous and the logistics of copying will be discussed at the discovery conference.

6.  There were no physical or mental examinations or scientific tests or experiments made in connection with this case. There is, however, a report analyzing seized gambling records. This report was prepared by the FBI laboratory and will be provided at the discovery conference.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of

2

        Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). The United States will be seeking a limited protective order concerning the timing of the disclosure of this information, the scope of which will be discussed at the discovery conference scheduled above.

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. The United States will be seeking a limited protective order concerning the timing of the disclosure of this information, the scope of which will be discussed at the discovery conference scheduled above.

[F.]    [The defendant was identified in a lineup, show-up, photo spread or similar identification proceedings.]

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents. Specifically, the government may introduce evidence that Marco Minuto

3

        possessed gambling records on or about January 8, 1991 and was convicted of illegally possessing those records. The government may also introduce evidence that: the defendant Mariani assaulted Todd Posey on or about August 15, 1995; the defendant Mariani impersonated an FBI agent on or about December 14, 1995 and possessed numerous false identification documents as well as stolen checks and credit card numbers.

I.     The defendants Marco Minuto, Nicolo Mariani, Joseph Minuto, Marcello Grasso, Alex Torrente, and Chris Greco are aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. The orders and applications for electronic surveillance will be made available at the discovery conference set above.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     No contraband is involved in this indictment with the exception of the gambling records obtained [illegible]

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not

4

contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. Specifically, the government hereby requests that the defense stipulate to the following: the foundation for the New York Search Warrant, the foundation for the electronic surveillance evidence (preserving in both instances all constitutional and statutory objections to the issuance of the orders and warrants), the foundation for all business records, including, checks, bank statements, wire transfer records, airline records and Federal Express business records.

P.  At the discovery conference scheduled in above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

[text partially illegible] of the Federal Rules of Criminal Procedure in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense is set forth in the indictment.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: /s/ Michael J. Dittoe
MICHAEL J. DITTOE
Assistant United States Attorney
Court ID Number: A5500209
500 East Broward Blvd.
Suite 700
Ft. Lauderdale, Fl. 33394
Tel: 954-356-7255
Fax: 954-356-7230

5

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 22nd day of May, 2000 to: the below listed attorneys:

1. Simon Steckel, Esq.
   Suite 3260
   701 Brickell Ave.
   Miami, Fl. 33131
   Counsel for Marcello Grasso

2. Antonio Marin, Esq.
   Suite 303
   2100 Coral Way
   Miami, Fl.
   Counsel for Alex Torrente

3. Manuel Gonzalez, Esq.
   782 N.W. 42nd Ave.
   Miami, Fl. 33126
   Counsel for Julio Perez

4. [illegible]
   2701 Bayshore Dr.
   Coconut Grove, Fl. 33133
   Counsel for Angel Hernadez

5. Christcher Grillo, Esq.
   1 East Broward Blvd.
   Suite 700
   Ft. Lauderdale, Fl. 33301
   Counsel for Nicolo Mariani (Temporary appearance only)

            _____
            MICHAEL J. DITTOE
            Assistant United States Attorney