UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARCELO GRASSO,

    Defendant.
_____/

CASE NO.: 00-6088-CR-UNGARO-BENAGES

**MOTION TO STRIKE, EXCISE, AND/OR CLARIFY PORTIONS OF PRE-SENTENCE INVESTIGATION REPORT**

FILED by _____ D.C.

DEC 6 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**COMES NOW** the Defendant, Marcelo Grasso, by and through the undersigned counsel, and would respectfully move this Honorable Court pursuant to Federal Rule of Criminal Procedure 32 for an order striking from consideration at the sentencing hearing in this cause, and excising from consideration at the sentencing hearing in this cause, and excising from the pre-sentence investigation report prepared by the United States Probation Officer or, in the alternative, clarifying the pre-sentence investigation report, certain inaccurate information. In support of this Motion, the defendant alleges the following:

    1.    The Defendant, Marcelo Grasso, is scheduled to be sentenced by this Court on December 6, 2001. As a consequence of his guilty plea to Count One of the indictment, the Court ordered the preparation of a pre-sentence report.

    2.    The Defendant and his attorney have reviewed the pre-sentence report and respectfully submit that there are certain inaccuracies that should be corrected by the Court pursuant to Rule 32, Federal Rules of Criminal Procedure.

    3.    On pages 1 and 6 (paragraph 12), is a reference to the defendant using the nickname "J.J.". As a consequence of the debriefings in this cause, the government was advised that the defendant never used any nicknames and that the nickname "J.J." was actually utilized by co-defendant, Joseph Minuto. Hence, this reference should be stricken from the Presentence Report.

4. On page 7 of the Presentence Report, under paragraph 15, is a reference by the Probation Officer to the defendant having received two (2) stolen watches from a co-defendant. This is untrue and the Presentence Report should be corrected accordingly.

5. On page 18 of the Presentence Report under paragraph 63 is a reference to the defendant's financial condition. Specifically, under the assets and liability summary, subheading "Unsecured Debts," is a reference to the defendant's Internal Revenue Service debt as $6,000.00. Actually, this amount should be $23,000.00. The defendant's Presentence Report should be corrected accordingly.

## MEMORANDUM OF LAW

The Defendant seeks a ruling under Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, which reads as follows:

> If the comments of a defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the Pre-Sentence Investigation Report or parts thereto, the Court shall, as to each matter controverted, make (I) a finding as to the allegation, or (II) a determination that no such finding is necessary because the matter controverted will not be taken into account at sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the Pre-sentence Investigation Report thereafter made available to the Bureau of Prisons or the Parole Commission.

The above-cited portion of Rule 32 was an Amendment added in 1983. This Amendment was made necessary because of the increasing number of problems presented by inaccurate Presentence Investigations that contained information and allegations which followed the Defendant all the way through the prison system. <u>United States v. Darby</u>, 744 F.2d 1508 (11th Cir. 1984). The <u>Darby</u> case predated a 1983 Amendment to Rule 32.

The imposition of a sentence based upon facts that are inaccurate is inconsistent with due process of law. <u>Townsend v. Burke</u>, 334 U.S. 736 (1948). In order to determine an appropriate punishment a court must take into consideration all circumstances of the particular crime and the background of the individual offender. <u>Dorszynski v. United States</u>, 418 U.S. 435 (1974). Our individualized sentencing process requires "possession of the fullest information possible concerning the defendant's life and characteristics." <u>Williams v. New York</u>. 337 U.S. 241, 247 (1949).

The cases of <u>Townsend v. Burke</u>, <u>supra</u>, and the <u>Untied States v. Tucker</u>, 404 U.S. 443 (1972) preclude reliance upon "improper or inaccurate information" in making the sentencing determination. <u>Dorszynski</u>, <u>supra</u>, at 431 n.7. See also, <u>United States v. Reme</u>, 738 F.2d 1156 (11th Cir. 1984).

**WHEREFORE**, the Defendant, Marcelo Grasso, requests that this Honorable Court:

1. Enter an Order consistent with F.R.Cr.P. 32(c)(3)(D) requiring the Probation Officer to strike, excise and/or amend the above statements from all copies of the Presentence Investigation Report and,

2. Refrain from taking such factors into consideration in determining the sentence to be imposed on Marcelo Grasso.

Respectfully submitted,

LAW OFFICES
SIMON T. STECKEL
701 Brickell Avenue
Suite 3260
Miami, Florida 33131
Tel: (305) 373-1900

By: _____
SIMON T. STECKEL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded to the United States Attorney's Office and United States Probation Office on this 5 day of December, 2001.

By: _____
SIMON T. STECKEL